IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GINA D. NEILLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| CDA INCORPORATED d/b/a MAXSENT, | ) |
| | ) |
| **Serve:** Registered Agent | ) |
| CT Corporation System | ) |
| 4701 Cox Rd, Suite 285, | ) |
| Glenn Allen, VA 23060, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Gina D. Neilly ("Ms. Neilly" or "Plaintiff"), by counsel, and hereby files her complaint for damages against the defendant, CDA Incorporated d/b/a MaxSent ("MaxSent" or "Defendant").  In support thereof Plaintiff states as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against MaxSent under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and retaliation based on her sex.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations under Title VII.

3. This Court has personal jurisdiction over the Defendant because it performed the acts complained of herein within this district.

1

4.      On or about February 20, 2018, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (the "EEOC").

5.      On March 16, 2018, Plaintiff amended her Charge of Discrimination.

6.      On or about March 30, 2020, the EEOC issued a Determination letter in favor of Plaintiff's Title VII sexual harassment and retaliation claims.

7.      On or about August 17, 2020, the EEOC issued Plaintiff a notification of her rights-to-sue.

8.      Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

9.      Ms. Gina D. Neilly is a female resident of the District of Columbia.

10.     Upon information and belief, CDA Incorporated is corporation formed under the laws of Tennessee and is authorized to do business in the Commonwealth of Virginia.

## FACTUAL BACKGROUND

11.     MaxSent provides armed and unarmed security services to federal and commercial clients across the country.

12.     In or around August 2017, MaxSent hired Ms. Neilly as a first shift dispatcher at Reston Town Center located in Reston, Virginia.

13.     Shortly thereafter, MaxSent transferred Ms. Neilly to the third shift.

14.     As part of this transfer, Omer Elbasher became Ms. Neilly's supervisor.

15.     Soon thereafter, Elabsher and Ms. Neilly engaged in a romantic relationship for a short period of time.

16. This relationship ended in or around December 2017.

17. However, Elbasher wanted the relationship to continue and continued to request that the two continue their romantic relationship and he continued to engage in physical contact with Ms. Neilly. The physical contact included hugging, kissing, cornering her, and pulling her against him.

18. Ms. Neilly did not want to be in a romantic relationship with Elbasher and the physical contact at that time was unwanted.

19. When Ms. Neilly would oppose or decline Elbasher's advances, he would become angry.

20. Eblasher would slam chairs and throw things in the office; scream at Ms. Neilly and refuse her access to the breakroom, tell Ms. Neilly that he could and would get her fired, and mock Ms. Neilly in front of their co-workers.

21. Ms. Neilly reported this conduct to Elbasher's supervisor, Kevin Pate.

22. Elbasher's conduct continued and Ms. Neilly reported the conduct to Kevin Pate's supervisor, Mike Blanchette.

23. Elbasher's conduct continued.

24. Upon information and belief, MaxSent previously transferred other female employees supervised by Elbasher after they complained that Elbasher was harassing them.

25. Upon information and belief, after one of those female employees reported Elbasher's sexual harassment to Pate, MaxSent warned Elbasher about his conduct toward female employees and required him take additional training.

26. In early February 2018, Blanchette informed Ms. Neilly that he was reassigning her to different location, Reston Station.

27.     When Blanchette informed Ms. Neilly about the reassignment he attempted to give it the appearance of promotion because Ms. Neilly's pay increased from $13.00/hour to $15/hour.

28.     However, she had been receiving less pay than her male counterparts.

29.     Furthermore, Ms. Neilly's hours were cut back, the new location did not have bathroom access, her shifts were less desirable, and Blanchette kept referring to situation as Ms. Neilly having problems with Elbasher, insinuating that she was a troublemaker.

30.     After the reassignment, Ms. Neilly informed Pate that she believed she had been demoted because of her complaints against Elbasher.

31.     Subsequently, during Ms. Neilly's shifts she was subjected to performing her shifts in the cold, while her male co-workers were provided heated golf carts.

32.     Shortly thereafter, on or about February 20, 2018, Ms. Neilly filed her Charge of Discrimination based on sex and retaliation with the EEOC.

33.     On March 1, 2018, the EEOC notified MaxSent of Ms. Neilly's Charge of Discrimination.

34.     On March 8, 2018, Ms. Neilly discussed having a pending Charge of Discrimination with Blanchette and Pate.

35.     On March 14, 2018, a co-worker Lawrence Edmonds yelled at Ms. Neilly to go home immediately, prior to her shift ending.

36.     Edmonds would not provide an explanation to Ms. Neilly and told her to call Blanchette before returning to work.

37.     When Ms. Neilly contacted Blanchette to find out why she was told to leave early he would not tell her, but instead told her to contact Human Resources.

38. Ms. Neilly contacted HR, and was told that she was on administrative leave, but was not provided an explanation as to why.

39. HR requested that Ms. Neilly draft a statement of what occurred on March 14, 2018.

40. MaxSent put Ms. Neilly on administrative leave on March 14, 2018.

41. On or about March 16, 2018, Ms. Neilly amended her Charge to include these additional facts in her retaliation charge.

42. After the administrative leave, Ms. Neilly was scheduled for training, which she attempted to complete but had issues due to MaxSent's computers and connectivity.

43. During the course of the EEOC's investigation, MaxSent never put Ms. Neilly back on the schedule to work. Effectively, MaxSent terminated her.

## COUNT I
### (Title VII – Discrimination based on Sex – Hostile Work Environment)

44. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

45. Plaintiff was a member of a class protected by Title VII of the Civil Rights Act of 1964, that is, female.

46. Plaintiff suffered abusive and discriminatory treatment at the hands of her supervisor because of her gender.

47. The conduct Plaintiff suffered at the hands of her supervisor was unwelcome, including, but not limited to, physical contact, requests for a romantic relationship, and conversations about her behind her back.

48. This conduct would happen in almost every shift when the two worked together.

49. When Plaintiff rejected the advances, her supervisor would yell at her and refuse to give her access to the breakroom.

50. Plaintiff reported the unwelcome conduct to supervisors on more than one occasion.

51. The harassment by her supervisor was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment at MaxSent and created an abusive work environment.

52. The conduct of Plaintiff's supervisor should be imputed to MaxSent because Plaintiff reported the discriminatory and offensive conduct to MaxSent, yet MaxSent failed to take prompt and sufficient corrective action to alleviate Plaintiff's hostile work environment.

53. As a result of MaxSent's hostile work environment, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## COUNT II
### (Title VII – Retaliation)

54. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

55. Plaintiff engaged in protected activity under Title VII when she reported incidents of harassment based on gender to her supervisors.

56. Plaintiff further engaged in protected activity under Title VII when she filed her Charge of Discrimination with the EEOC.

57. Plaintiff suffered an adverse action subsequent to engaging in protected conduct when Defendant transferred her to a less desirable location and shift.

58. Plaintiff suffered an adverse action subsequent to engaging in protected conduct when she was not afforded the same amenities during her shift that other male co-workers were provided, such as the heated golf cart.

59. Plaintiff suffered an adverse action subsequent to engaging in protected conduct when Defendant never put her back on the schedule to work, effectively terminating her.

60. As a result of Defendant's retaliation, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Gina D. Neilly, demands judgment against the defendant, CDA Incorporated d/b/a MaxSent, as follows:

(a) Lost wages in excess of $75,000.00 or in an amount to be proven at trial;

(b) $300,000.00 in compensatory damages for violations of the Title VII;

(c) $300,000.00 in punitive damages for violations of the Title VII;

(d) Plaintiff's attorneys' fees and court costs as provided by statute;

(e) Pre- and post-judgment interest; and

(f) All other further relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

                Respectfully submitted,

                _____/s/_____
                John C. Cook, VSB No. 38310
                Philip C. Krone, VSB No. 87723
                Cook Craig & Francuzenko, PLLC
                3050 Chain Bridge Road, Suite 200
                Fairfax, VA 22030
                (T): (703) 865-7480
                (F): (703) 434-3510
                jcook@cookcraig.com
                pkrone@cookcraig.com
                *Counsel for Plaintiff*